In Special Term—Before STORER, J.

GOODHEART, ET AL. *vs.* POWERS.

When a petition is filed claiming a recovery for goods and merchandise sold, the account annexed to the petition, as required by section 117 of the Code, should contain the particulars of the claim, as well as the description and price of the goods : no general statement, by which several distinct claims are grouped together, and the aggregate of the whole value set forth, can be permitted.

. The same strictness should be required as would be necessary, under the old practice, in furnishing a "bill of particulars," when demanded by the defendant.

STORER, J.

The petition in this case alleges, that the defendant owes a large sum for goods and merchandise sold to him by the plaintiffs, "as by the account exhibited will appear." The account does not state particularly the description or value of the articles; moreover, there is an item of $2,000, and upwards, charged as the balance due upon a previous account only, without any other designation. A demurrer is filed, claiming that the statement in the account is not sufficient to sustain the petition.

By the §117 of the Code, a copy of the account upon which the pleading is founded is required to be filed when the action is commenced, or the reason why it is omitted given in the petition. By the § 122, the rule is stated, and the cases in which a reference may be made to a note, or an account, described: A copy of the note should be a perfect copy, and to the account the same rule must apply; a general charge, grouping together several particulars, does not meet the requisitions of the Code.

The practice prescribed by the sections referred to, is a substitute for that which permitted a declaration to be filed upon the common counts alone, and gave to the defendant the right to demand a copy of the claim on

which the suit was brought, or the plaintiff intended to offer in evidence at the trial. The plaintiff was then compelled to furnish a full statement of his cause of action, which was well termed a "bill of particulars," as it was an exhibition of the entire claim, with the several items composing it.

In the present case the charge is too general. The aggregate is stated, but the items of which it is made up are not given: the defendant is not advised, as was intended by the Code, of the demand sought to be recovered: nor will the record furnish clear and explicit evidence to protect him in a subsequent suit for what may really be the same cause of action.

The §122 of our Code differs from the §162 of the New York Code, in this: the latter allows the plaintiff to file his petition, and annex a copy of his claim, in such cases only, where "the action is founded upon an instrument for the payment of money," while the former extends the remedy to "accounts, as well as promissory notes and bills of exchange." By the §158 of the New York Code, the plaintiff is not required "to set forth the items of his account, but must deliver to the defendant within ten days after demand, a copy verified by his own oath, or that of his agent, or attorney, and if the copy thus furnished is defective, the Court, or a judge in vacation, may allow a further account." It would seem, then, that when the plaintiff is authorized by our Code to file his petition upon an account, he should be required to annex to his pleading, a copy of the same account he intends to offer on the trial of the cause. Anything short of this, we think will not carry out in its spirit and true meaning, the great object of the Code, which, while it seeks to abridge the pleadings in

all actions, and bring the real claims of both parties in the simplest and most definite form, immediately before the Court. The issue is thus made up, the litigants advised of what is really in dispute, and the controversy in most cases can be summarily disposed of. Questions purely technical are thus avoided, while the case will present a discussion of principles, rather than a series of cavils on mere forms.

Besides the very general statement in the account exhibited with the petition in this case, several of the large items are such as in their nature are not the regular and proper charges to be found in the books of a merchant; and the plaintiff, therefore, even under the very liberal, we might say latitudinarian, power given in § 310, would not be permitted to establish them by his own oath, unless the elements of which these aggregates are made up, should be first proved.

We are satisfied, on the whole case, that the demurrer is well taken. The plaintiff has leave to amend his account, and furnish a further and more definite statement thereof to the defendant, by the next rule day, when the defendant will be required to answer, as required by the rules.

KING, ANDERSON, & SAGE for Plaintiffs.

ABRAHAM, for Defendant.